THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS E. HERNANDEZ ROMAN,

    Petitioner,

    v.

LORRAINE MARTINEZ-ADORNO, *et al*,

    Respondents.

Civil No. 19-1183 (ADC)

## OPINION AND ORDER

Pending before the Court is petitioner Luis E. Hernández-Román petition for *habeas corpus* relief under 28 U.S.C. § 2254 ("petition"). **ECF Nos. 3, 9.** Respondents moved for dismissal. **ECF No. 18**. Petitioner did not oppose, nor did he move for an extension of time to do so.

For the reasons explained below, the motion to dismiss at **ECF No. 18** is **GRANTED**.

### I. Procedural Background

Petitioner plead guilty to two criminal charges (fraud and "ilegal appropriation") filed against him in the Puerto Rico Court of Fist Instance, Bayamón Judicial Center. **ECF No. 9** at 4. On February 13, 2017, petitioner was sentenced to thirty (30) months of imprisonment. *Id*.

Petitioner did not appeal his sentence.[1] Instead, petitioner filed a "motion to request revision of sentence," at the Court of First Instance. **ECF No. 18-2**. The Court of First Instance entertained petitioner's motion as one filed under Rules 189 and 192.1 of the Puerto Rico Rules of Criminal Procedure. P.R. Laws Ann. tit. 34 Ap. II. On December 4, 2017, the Court of First Instance denied petitioner's motion pursuant to the Puerto Rico Rules of Criminal Procedure 189 and 192.1 and Puerto Rico case law. **ECF No. 18-2** at 1. Petitioner filed a *certiorari* petition at the Puerto Rico Court of Appeals. However, on February 12, 2018, the Puerto Rico Court of Appeals denied petitioner's *certiorari*. **ECF No. 18-3**.

Petitioner filed the instant petition at **ECF No. 3** in the Spanish language, but later submitted his petition in the English language, **ECF No. 9**. The petition was received by mail on February 14, 2019. **ECF No. 3-1**.

Defendants filed a motion to dismiss. **ECF No. 18**. Even though petitioner filed several motions with the Court, he did not respond to the motion to dismiss. Considering his *pro se* status, the Court entered an order providing notice that he had failed to timely respond and was granted a final extension until May 12, 2021 in which to respond to defendant's motion. Petitioner was alerted that if he failed to respond, the motion to dismiss at **ECF No. 18** would be considered as unopposed. **ECF No. 19**.

---

[1] Although petitioner used the word "appeal" in his petition, **ECF No. 9** at 5, the record reflects that by December 4, 2017, petitioner's judgment became final and unappealable. **ECF No. 18-2**. The record further demonstrates that by "appeal" petitioner really means Rules 192.1 motion pursuant to the Puerto Rico Rules of Criminal Procedure ("Rule 192.1 motion").

To this date, however, petitioner has not responded.

## II.    Standard of Review

Section 2254(a) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") empowers a federal court to entertain a petition for writ of *habeas corpus*, on behalf of a person in custody pursuant to a judgment of a state court, if there is a violation of his or her federally protected rights under Section 2254. The petition must be opportunely filed, and the petitioner must have exhausted the remedies available in the courts of the corresponding state. 28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v. Boerckel,* 526 U.S. 838, 839 (1999).

## III.   Analysis

Section 2254 petitions must be filed within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

For purposes of computing timeliness, this Court must first ascertain when AEDPA's one-year statute of limitation began to run as to petitioner. From the record, it is evident that petitioner's arguments are not based on a newly recognized constitutional right, newly

discovered evidence nor does he allege that any illegal impediment by State action prevented him from previously filing the instant petition. As such, his petition should have been filed one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. AEDPA's one-year limitation, however, is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

The record shows that petitioner was convicted on February 13, 2017. **ECF No. 9**. Pursuant to the Puerto Rico Rules of Criminal Procedure 194, petitioner had thirty (30) days to appeal his conviction. On July 14, 2017, however, petitioner filed a motion for new trial pursuant to Puerto Rico Rules of Criminal Procedure 192.1 and 198. The Court of First Instance denied such motion on December 4, 2017. **ECF No. 18-2**. Petitioner filed a *certiorari* petition, which was denied for by the Court of Appeals on February 12, 2018 because it was not filed in accordance with that Court's filing rules. **ECF No. 18-3**.

Pursuant to 28 U.S.C. § 2244(d)(2), petitioner's Rule 192.1 motion filed before the Court of First Instance tolled the one-year statute of limitations from July 14, 2017 until December 4, 2017, a total of 143 days.

As noted by defendants, however, petitioner's ensuing petition for *certiorari* was not "properly filed" for purposes of § 2244(d)(2) and, thus, did not toll the statute of limitation any longer. "[A]n application is '**properly** filed' when its delivery and acceptance are in compliance

with the applicable laws and rules governing filings. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)(emphasis in the original). Here, the Puerto Rico Court of Appeals clearly stated as grounds for denial that the petition failed to comply with "most of the applicable" Rules of the Puerto Rico Court of Appeals "for the **filing** and perfecti[on] [of] a writ of certiorari before this forum." **ECF No. 18-2** at 2(emphasis added). In other words, interpreting its own regulations, the Puerto Rico Court of Appeals found--quite literally--that the petition was not properly filed or perfected for it to be accepted by that court. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). In its order denying petitioner's petition for *certiorari*, the Puerto Rico Court of Appeals added, such failures "prevents us from considering the merits." *Id*. Therefor, it is clear that the petition for *certiorari*'s "delivery [was not] in compliance with the applicable laws and rules governing filings." *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005)(quoting *Artuz v. Bennett*, 531 U.S. at 8). It is, therefore, not capable of tolling the one-year applicable statute of limitation.

Considering the above, the one-year statute of limitations started to run on March 16, 2017, the end of direct review. Considering the 143 days in which the period was tolled (by the filing of a Rule 192.1 motion at the Court of First Instance) the instant habeas petition, received by mail on February 14, 2019, and docketed on February 26, 2019, **ECF No. 3-1**, is clearly untimely.

No equitable grounds are present in this case either. The Supreme Court has held that AEDPA's limitations period may be equitably tolled only when the petitioner shows "(1) that he

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). "A habeas petitioner bears the burden of establishing the basis for equitable tolling." *Riva v. Ficco*, 615 F.3d 35, 39 (1st Cir. 2010) (*citing Holland*, 560 U.S. at 649). Petitioner does not assert or even suggests any circumstance that would be deemed considerable under such standard.

Finally, the Court notes that the "usual problems inherent in being incarcerated do not justify equitable tolling." *Holmes v. Spencer*, 685 F.3d 51, 63 (1st Cir. 2012) (citing *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003)); *see Ramírez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (petitioner not entitled to equitable tolling simply because he remained in administrative segregation and had limited access to law library and copy machine); *Santana v. United States*, 939 F. Supp. 2d 109, 115 (D.P.R. 2013) (finding that a three-week period waiting for his personal belongings and papers to arrive at another prison does not qualify as extraordinary circumstances which would support equitable tolling).

### IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. § 2255. To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether petitioner's claims should be denied as untimely. Accordingly, the COA is **DENIED**.

## V.     Conclusion

Considering the foregoing, respondents' motion to dismiss at **ECF Nos. 18** is **GRANTED**. Consequently, petitioner's §2254 motion is **DISMISSED WITH PREJUDICE**. The Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of September 2021.

                                                          **S/AIDA M. DELGADO-COLÓN**
                                                          **United States District Judge**